UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMOTHY MORGAN,<br><br>                      Plaintiffs,<br><br>   v.<br><br>ADA COUNTY SHERIFF'S DEPARTMENT; C/O TEVERAS; C/O LAMB; and C/O PETET,<br><br>                      Defendants. | Case No. 1:22-cv-00318-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Ada County Sheriff's Department's Motion to Dismiss (Dkt. 12) for lack of subject-matter jurisdiction. For the reasons set forth below, the Court will grant the motion to dismiss, but allow Morgan leave to amend.

## BACKGROUND

Plaintiff Timmothy Morgan was arrested in January 2022, and has been housed in the Ada County Jail during the pendency of his criminal case. While in custody at the Ada County Jail on March 14, 2022, Morgan alleges that three jail deputies named as defendants in this action searched his cell, took or destroyed his property, and removed him from his cell wearing nothing but his boxer underwear.

*Compl.* ¶ 3, Dkt. 1. Morgan alleges that the three defendant deputies then "paraded" him around the cellblock in his underwear and, after doing so, placed him in a cell alone, stripped him of his underwear, forced him to stand naked before them, and "conducted a 'body cavity search' wherein multiple officers inserted their fingers into Plaintiff's anus." *Id.* ¶¶ 3-5.

Morgan suffers from mental health issues that he says "have been exacerbated by the sexually hostile environment in which he is imprisoned." *Id.* ¶ 6. He has made multiple requests for mental health services, which have all been ignored or denied. *Id.* ¶ 7. Morgan alleges that he "has incurred massive physical and emotional harm as a result of Defendants' intentionally tortious acts," and "has suffered significant mental anguish and has been denied access to readily available mental health services." *Id.* ¶¶ 8-9. Morgan maintains that he served the Ada County District Attorney "with a Tort Claim Notice" by mail.

On July 27, 2022, Morgan filed a "Complaint—Violation of Rights Under Section 1983," alleging three state law claims for "Intentional Tort—Sexual Assault," "Common Law Intentional Infliction of Emotional Distress," and "Common Law Negligence." Although Morgan's Complaint is titled "Violation of Rights Under Section 1983," Morgan alleges no claims under 42 U.S.C. § 1983, or any other federal statute. The Ada County Sheriff's Department now seeks to

dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

## ANALYSIS

Federal courts are courts of limited subject matter jurisdiction. This Court cannot hear Morgan's case unless he satisfies the Court that a basis for jurisdiction exists. Federal district courts can hear federal law questions, which are claims arising under a federal statute, the federal Constitution, or a federal treaty. 28 U.S.C. § 1331. The Court can also hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00. In addition, if a district court has jurisdiction over a claim under one of these two statutes, it can hear state law claims if those claims "are so related to" the claim over which the court has original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367.

Morgan maintains that subject-matter jurisdiction exists here "because the claim is based on a violation of 42 U.S.C. § 1983, which is a federal statute and therefore satisfies the federal question for subject matter jurisdiction." *Pl's Resp. Br.*, p. 1, Dkt. 17. Morgan is correct that federal courts have jurisdiction pursuant to 28 U.S.C. § 1331 to hear § 1983 claims. But Morgan's denomination of his complaint as a § 1983 action "does not alone give the district court jurisdiction to

**MEMORANDUM DECISION AND ORDER - 3**

hear them." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981). And Morgan does not actually assert any claims under § 1983 but instead expressly alleges only state common-law tort claims. The Court lacks subject matter jurisdiction to consider these claims. *Franklin*, 662 F.2d at 1343–44. *See also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). As Morgan neither alleges diversity jurisdiction nor federal law claims, subject-matter jurisdiction does not exist, and his Complaint must be dismissed.

The Court, however, will allow Morgan leave to amend his Complaint to assert a claim under § 1983. To state a claim under section 1983, a plaintiff must allege constitutional violations, and that the defendant was acting "under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *Jenkins v. Rockwell Int'l Corp.*, 595 F.Supp. 399, 402–03 (D.Nev. 1984). Morgan must file his amended complaint alleging a specific constitutional violation that would serve as the basis for a § 1983 claim within 30 days of entry of this Order. Alternatively, Morgan may file his complaint alleging solely state law claims in state court.

## ORDER

**IT IS ORDERED that**:

1. Ada County Sheriff's Department's Motion to Dismiss (Dkt. 12) is **GRANTED.**

2. Morgan has 30 days from the date of entry of this Order within which to file an amended complaint establishing subject-matter jurisdiction.

DATED: February 28, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5