UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMMOTHY MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ADA COUNTY SHERIFF'S DEPARTMENT; C/O TEVERAS; C/OLAMB; C/O PETET,<br><br>    Defendant. | Case No. 1:22-cv-318-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Pending before the Court is Defendant Ada County Sheriff's Office's Motion to Dismiss the Amended Complaint (Dkt. 26). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court will grant the motion without leave to amend, as set forth below.

**II.**

**BACKGROUND**

A. Factual Allegations

Plaintiff Timmothy Morgan was arrested in January 2022 and housed in the Ada County Jail after his arrest. Morgan alleges that the three deputies identified in the Amended Complaint as "C/O TEVERAS," "C/O LAMB," and "C/O PETET" searched his cell, took or destroyed his

**MEMORANDUM DECISION AND ORDER - 1**

property, and removed him from his cell wearing nothing but his boxer underwear. *Am. Compl.*, Dkt. 25 at ¶ 3. According to Morgan, the deputies then "paraded" him around the cell block in his underwear and, after doing so, placed him in a cell alone, stripped him of his underwear, forced him to stand naked before them, and "conducted a 'body cavity search' wherein multiple officers inserted their fingers into Plaintiff's anus." *Id.* at ¶¶ 3-5.

### B. Procedural History

On July 27, 2022, Morgan filed his original Complaint, alleging three state law claims for sexual assault, intentional infliction of emotional distress, and negligence and naming the Ada County Sheriff's Department[1] and the three individual deputies as defendants. *Compl.*, Dkt. 1. Morgan served the Sheriff's Office with the original Complaint on August 4, 2022, but did not serve the individual deputies. The Court dismissed Morgan's original Complaint for lack of subject-matter jurisdiction but granted Morgan leave to amend. *Memorandum Decision and Order*, Dkt. 23.

On March 29, 2023, Morgan filed an Amended Complaint, alleging two claims under 42 U.S.C. § 1983 for violation of his Fourth and Eighth Amendment rights, as well as the three state law tort claims asserted in the original Complaint for sexual assault, intentional infliction of emotional distress, and negligence. Morgan again named the Sheriff's Office and the three individual deputies as defendants. Morgan again failed to serve the three individual deputies with the Amended Complaint, and they have not appeared in this action.

On April 19, 2023, the Ada County Sheriff's Office filed its second motion to dismiss the Amended Complaint. Morgan's opposition was due no later than May 10, 2023. On May 17, 2023,

---

[1] Morgan names the "Ada County Sheriff's Department" as the defendant in this case. The correct name is the Ada County Sheriff's Office. The Court will therefore refer to it as the Sheriff's Office.

MEMORANDUM DECISION AND ORDER - 2

Morgan's counsel contacted Court staff and indicated that Morgan would file his opposition no later than May 22, 2023. As of the date of this decision, Morgan had not filed his opposition.

## III.
## LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject-matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6)

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## IV.
## ANALYSIS

### A. Morgan's Failure to Respond to Motion to Dismiss

As an initial matter, the Court notes that Morgan has failed to file a response to the motion to dismiss. Under Local Rule 7.1(e)(1), "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to . . . the granting of said motion or other application." Accordingly, pursuant to Local Rule 7.1(e)(1), the Court finds good cause for granting the Sheriff's Office's unopposed motion to dismiss. *Lund v. Brenner*, 163 F.3d 606 (9th Cir. 1998) (finding "it was not an abuse of discretion for the district court to deem Appellants' failure to respond to the motion as consent to the motion") (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *Holt v. I.R.S.*, 231 Fed. App'x 557 (9th Cir. 2007) (same; and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

B. Ada County Sheriff's Office

1. *Monell* liability under 42 U.S.C. § 1983

In addition to failing to file a timely response to the motion to dismiss, Morgan fails to allege the requisite facts to hold a municipality liable under § 1983, further warranting dismissal of those claims against the Sheriff's Office.[2] Morgan seeks to hold the "Ada County Sheriff's Department" liable under § 1983 exclusively on the grounds that certain deputies were allegedly "acting as an agent of ADA COUNTY SHERIFF'S DEPARTMENT." *Am. Compl.*, Dkt. 25 at ¶ 10. But local governments are not liable simply because they employ the person whom the plaintiff claims violated his or her constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

Under *Monell*, a plaintiff may establish municipal liability by demonstrating that:

---

[2] The Sheriff's Office argues that it is not an appropriate defendant under a theory of municipal liability because it is not a separately suable entity, and it is not considered a "person" under section 1983. While the Ninth Circuit has not addressed this issue, "the weight of authority on this issue" finds that a municipal department, such as a sheriff's office, is not a proper defendant under § 1983. *Cantu v. Kings Cnty.*, No. 120CV00538NONESAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (collecting cases); *Gomes v. Cnty. of Kauai*, 481 F. Supp. 3d 1104, 1110 (D. Haw. 2020) ("Claims against a municipality and its respective police department are treated as claims against the municipality and thus not subject to suit under § 1983."); *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). The same is true in this District. *See, e.g.*, *Carey v. Ada Cnty. Misdemeanor Prob. Dep't*, No. 1:19-CV-00401-BLW, 2020 WL 4450950, at *2 (D. Idaho Aug. 3, 2020); *Cutler v. Kootenai Cnty. Sheriff's Dep't*, No. CV-08-193-N-EJL, 2010 WL 2000042, at *11 (D. Idaho May 19, 2010). The Ninth Circuit recently held, however, that a local law enforcement agency can be a separately suable entity, depending on state law. *Silva v. San Pablo Police Dep't*, 805 Fed. App'x 482, 484 (9th Cir. 2020). It further held that "the district court erred in holding otherwise without analysis of state law." *Id.* The Sheriff's Office here has provided no analysis of state law indicating that it is not a separately suable entity. Without that analysis, the Court declines to dismiss it on those grounds.

> (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate.

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). Additionally, in "limited circumstances," the failure to train municipal employees can serve as the policy underlying a *Monell* claim. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997).

The Ninth Circuit has further made clear that claims of *Monell* liability must now comply with the basic principles set forth in *Twombly* and *Iqbal*: (1) the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"; and (2) the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez*, 666 F.3d at 636-37 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) (internal quotation marks omitted). Here, Morgan has failed to make any of the required allegations to plead a *Monell* claim but instead impermissibly relies on a *respondeat superior* theory of liability. Morgan's § 1983 claims against the Sheriff's Office must therefore be dismissed for this additional reason.

**2. State law tort claims**

Similarly, aside from Morgan's failure to respond to the motion to dismiss, the state law claims against the Sheriff's Office must be dismissed for the additional reason that Morgan failed to comply with the notice requirement in the Idaho Tort Claims Act ("ITCA).

"The ITCA provides that 'no claim or action shall be allowed against a political subdivision, including cities and counties, or its employee unless the claim has been presented and

MEMORANDUM DECISION AND ORDER - 6

filed within the time limits prescribed by this act.'" *Dodge v. Bonners Ferry Police Dep't*, 450 P.3d 298, 303 (2019) (quoting I.C. § 6-908). Section 6-906 of the ITCA proscribes the applicable time limit, requiring notice be filed with the county clerk "within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later."

"The failure to file within the ITCA time limitation acts as a bar to any further action." *Dodge*, 450 P.3d at 303. Even at the motion to dismiss phase, it is the plaintiff's burden to prove that he or she complied with the ITCA's notice requirement. *Id.* This requirement is jurisdictional, and the Rule 12(b)(1) standard applies. *Turner v. City of Coeur d'Alene*, No. 2:21-CV-00144-DCN, 2021 WL 5761084, at *5 (D. Idaho Dec. 3, 2021).

Morgan's allegations of sexual assault, intentional infliction of emotional distress, and negligence by Ada County Sheriff's Office employees fit squarely in the ITCA's purview, requiring the filing of notice of these claims as a condition precedent to filing suit in federal district court. *Butler v. Elle*, 281 F.3d 1014, 1029 (9th Cir. 2002). Yet Morgan has failed to allege facts establishing he complied with the ITCA's notice requirement. At best, Morgan alleges that he "served Jan Bennett's [sic], Ada County District Attorney, with a Tort Claim Notice by mail on or around DATE. [sic.]" *Am. Compl.*, Dkt. 25 at ¶ 10. But this allegation fails to establish his compliance with the ITCA: it does not establish that he filed it with the county clerk but only that he mailed it to the district attorney; nor does it establish that he filed it within 180 days of when his claims arose—both of which are required for compliance with the ITCA.

"The ITCA mandates that if a claimant does not provide the government with timely notice of its claim, it loses the right to assert the claim." *Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 258 P.3d 340, 345 (Idaho 2011) (citing I.C. § 6-908); *see also Dodge*, 450 P.3d at 304. Here, Morgan

**MEMORANDUM DECISION AND ORDER - 7**

fails to meet his burden of showing that he provided notice of his tort claim to the County or its employees, "so the plain language of the ITCA requires dismissal of [his state law claims]." *Id*.

3. **Leave to amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Here, Morgan has already been given one opportunity to amend his Complaint, and, when faced with a second motion to dismiss, Morgan failed to respond despite ample opportunity to do so. Under these circumstances, the Court declines to give Morgan a third bite at the apple—it will dismiss the Amended Complaint as to the Sheriff's Office without further leave to amend. There are several factors that weigh against granting successive amendments: *Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 728 (9th Cir. 2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting "there are several factors that weigh against successive amendments: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment'").

C. **Individual Deputy Defendants**

Morgan has named but not served the individual deputies, who he alleges participated in the constitutional violation. A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.").

Federal Rule of Civil Procedure 4 governs service of a summons and complaint in federal court. Pursuant to Rule 4(c)(1), "[t]he plaintiff is responsible for having the summons and

complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the original Complaint was filed on July 27, 2022, nearly a year ago. The 90-day period mandated by Rule 4(m) begins to run from the date of filing of the original complaint. *See, e.g.*, *Mann v. American Airlines*, 324 F.3d 1088, 1089-91 (9th Cir. 2003). The deadline set by Rule 4(m) for service of the complaint was therefore October 25, 2022, which has long expired.[3]

While the 90-day period in this matter has expired, "Rule 4(m) provides two avenues for relief." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). "The first is mandatory: the district court must extend time for service upon a showing of good cause." *Id.* (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* Therefore, in accordance with Rule 4(m), the Court notifies Morgan that his claims against these individual defendants shall be dismissed without prejudice unless Morgan can show good cause or proof of service no later than 14 days after entry of this Order.

---

[3] Even if the Court were to use the date of the filing of the Amended Complaint, Morgan's deadline for effecting service against the individual deputies still has expired: the Amended Complaint was filed on March 29, 2023, setting the service deadline from the filing of the Amended Complaint for June 27, 2023.

**MEMORANDUM DECISION AND ORDER - 9**

**ORDER**

**IT IS ORDERED that:**

1. Defendant Ada County Sheriff's Office's Motion to Dismiss the Amended Complaint (Dkt. 26) is **GRANTED** without leave to amend.

2. Morgan, in writing, shall show cause *no later than 14 days after entry of this Order* why this case should not be dismissed without prejudice pursuant to Rule 4(m) for lack of service as against individual defendants identified as "C/O TEVERAS," "C/O LAMB," and "C/O PETET," or Morgan's claims against these Defendants will be dismissed without prejudice.

DATED: July 21, 2023

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**